RECEIVED

SEP 15 2016

RICHARD W. NAGEL, CLERK OF COURT
COLUMBUS, OHIO

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

Shaquale R. Woodhouse

(ENTER ABOVE THE NAME OF THE PLAINTIFF IN THIS ACTION)

IF THE PLAINTIFF IS A PRISONER:      PRISONER # 452-527

vs.

Ohio Dept. of Rehabilitation & Corrections

(ENTER ABOVE THE NAME OF THE DEFENDANT IN THIS ACTION)

IF THERE ARE ADDITIONAL DEFENDANTS PLEASE LIST THEM:

Ross Corr. Inst. D.W.O, Howard

Ross Corr. Inst. Insp., Diehl

Ross Corr. Inst. U.M.C., Mustard

Ross Corr. Inst. Warden,

DonNASKA99, Bureau of Classification, O.R.C.

2 : 1 6 C V 0 8 8 7

[Judge Smith

**MAGISTRATE JUDGE DEAVERS**

**COMPLAINT**

I.      PARTIES TO THE ACTION:

PLAINTIFF:      PLACE YOUR NAME AND ADDRESS ON THE LINES BELOW. THE
ADDRESS YOU GIVE MUST BE THE ADDRESS THAT THE COURT MAY
CONTACT YOU AND MAIL DOCUMENTS TO YOU. A TELEPHONE
NUMBER IS REQUIRED.

Shaquale R. Woodhouse      #452-527

NAME - FULL NAME PLEASE - PRINT

P.O. Box 5500, 15802 st. Rt. 104 N.

ADDRESS: STREET, CITY, STATE AND ZIP CODE

Chillicothe, OH 45601

TELEPHONE NUMBER

IF THERE ARE ADDITIONAL PLAINTIFFS IN THIS SUIT, A SEPARATE PIECE OF PAPER
SHOULD BE ATTACHED IMMEDIATELY BEHIND THIS PAGE WITH THEIR FULL NAMES,
ADDRESSES AND TELEPHONE NUMBERS. IF NO ADDITIONAL PLAINTIFFS EXIST CONTINUE
WITH THIS FORM.

PAGE 2 AND 3 OF THIS FORM DEAL ONLY WITH A PLAINTIFF THAT IS INCARCERATED
AT THE TIME OF FILING THIS COMPLAINT.

IF YOU ARE A PRISONER FILING A CIVIL SUIT THE FOLLOWING INFORMATION IS REQUIRED:

PREVIOUS LAWSUITS:

A.  HAVE YOU BEGUN OTHER LAWSUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATING TO YOUR IMPRISONMENT? YES ( ) NO (✓)

B.  IF YOUR ANSWER TO A IS YES, DESCRIBE THE LAWSUIT IN THE SPACE BELOW. (IF THERE IS MORE THAN ONE LAWSUIT, DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THE SAME OUTLINE.)

    1.  PARTIES TO THIS PREVIOUS LAWSUIT

        PLAINTIFFS:

        DEFENDANTS:

    2.  COURT (IF FEDERAL COURT, NAME THE DISTRICT: IF STATE COURT , NAME THE COUNTY)

    3.  DOCKET NUMBER

    4.  NAME OF THE JUDGE TO WHOM THE CASE WAS ASSIGNED

    5.  DISPOSITION (FOR EXAMPLE, WAS THE CASE DISMISSED? WAS IT APPEALED? IS IT STILL PENDING?)

    6.  APPROXIMATE DATE OF THE FILING OF THE LAWSUIT

    7.  APPROXIMATE DATE OF THE DISPOSITION

PLACE OF PRESENT CONFINEMENT

A. IS THERE A PRISONER GRIEVANCE PROCEDURE IN THIS INSTITUTION?
YES (✓) NO ( )

B. DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT IN THIS STATE
PRISONER GRIEVANCE PROCEDURE? YES (✓) NO ( )

C. IF YOUR ANSWER IS YES:

1. WHAT STEPS DID YOU TAKE?

I filed I.C.R (Informal complaints) in Every
Instance. I wrote multiple Kites to various
officials And me And my family spoke to many officials

2. WHAT WAS THE RESULT?

one I.C.R was never responded to by the staff
Supervisor And the second was not investigated.
The harrassment continued until I left R.C.I And
All staff of the O.R.C. refused to act Responsibly.

D. IF YOUR ANSWER IS NO, EXPLAIN WHY NOT.

E. IF THERE IS NO PRISON GRIEVANCE PROCEDURE IN THIS INSTITUTION, DID
YOU COMPLAIN TO PRISON AUTHORITIES? YES ( ) NO ( )

F. IF YOUR ANSWER IS YES:

1. WHAT STEPS DID YOU TAKE?

2. WHAT WAS THE RESULT?

DEFENDANTS:

PLACE THE NAME AND ADDRESS OF EACH DEFENDANT YOU LISTED IN THE CAPTION ON
THE FIRST PAGE OF THIS COMPLAINT. THIS FORM IS INVALID UNLESS EACH DEFENDANT
APPEARS WITH FULL ADDRESS FOR PROPER SERVICE.

1. Ohio Department of Rehabilitation And corrections.
   NAMES - FULL NAME PLEASE

   ADDRESS - STREET, CITY, STATE AND ZIP CODE

2. Ross Correctional Institution's Deputy Warden of
   Operations, Mr. Howard.

3. Ross correctional Institution's Institutional Inspector, Mr. Diehl.

4. Ross Correctional Institution's Unit Managment Chief, Mr.
   Mustard.

5. Ross correctional Institution's Warden Mr. Hooks

6. Mrs. Donna Skagg of D.R.C Bureau of
   classification

IF THERE ARE ADDITIONAL DEFENDANTS, PLEASE CONTINUE LISTING THEM.

-4-

## STATEMENT OF THE CLAIM:

### CLAIM NO. 1

Cruel and unusual punishment and violation of due process. Plaintiff was assaulted by  senior staff member for complaining about a falsely advertised cadre program designed as a ploy to reduce the appearance of over crowding and seeking to be returned to a level 2, facility, and complaining about the unsafe conditions of the prison.

### CLAIM NO. 2

Cruel and unusual punishment and violation of due process. Plaintiff was assaulted by Senior Staff  member for complaining and seeking to be returned to a level 2, facility.

### CLAIM NO. 3

Cruel and unusual punishment and violation of due process. Defendant used retaliation against the plaintiff for exercising his  constitutional right to redress of grievance by utilizing the inmate grievance procedure.

### CLAIM NO. 4

Cruel and unusual punishment  and violation of due process. Defendant were deliberately indifferent to the health and safety of the defendant..

### CLAIM NO. 5

Cruel and unusual punishment and violation of  due process. Defendant modified and changed  the destination of a transfer without notifying the plaintiff in violation of his due process rights.

### CLAIM NO. 6

Cruel and unusual punishment and violation of due process. Defendant continued to use various tactics designed to punish inmates that use the  grievance procedure such as false  conduct reports, segregation and the unfair  exclusion from programs and privileged housing once the plaintiff returned to C.C.I.

In march of 2014, I was transferred to R.I.C. from C.C.I. as a volunteer in a advertised cadre program. Upon arrival I learned that there was no cadre program and no sensitive area jobs were available to me.

After several months of attempting to be moved back to the proper level (2), facility I was able to get the bureau of Classification to admit the mistake an agree to transfer me back to a level (2) facility from a level (3), R.C.I.

I was told to take the returned letter to my unit staff. The letter also cited several disturbing an unsafe conditions present in the dorm I was being housed in.

On Oct. 2014, I approached the Unit Management Chief as directed and before I could speak he became extremely hostile and disrespectful towards me, belittling me in a attempt to amuse the staff members that were present at the time. I was    barley able to say anything before he dismissed me.

I wrote an informal complaint to two separate Deputy Wardens, one of which was his immediate supervisor as requested by the grievance procedure.

Oct. 2014, the U.M.C., Mustard came into the dorm and confronted me for writing the I.C.R. He then began to verbally assault and threaten to do sever bodily harm to me in front of two, (2), cameras and several witnesses.

I again wrote another I.C.R. to his supervisor  stating that I felt my life was in danger, an requested immediate separation from this staff member. I also wrote several other staff, as well as Central Office explaining my fear of this staff member and any other staff that may be close personal associates at R.C.I. and C.C.I.  I requested a transfer further away to feel safe and avoid possible harmful situation.

While I was awaiting transfer to M.A.C.I. I was continually threatened an harassed by staff members, and the superior staff members, including the Inst. Inspector refused to even speak to me about the concerns for my safety.

One I.C.R., to Mr. Mustard's supervisor was never answered. The second  was never properly investigated.

As further retaliation, a few days before my scheduled transfer, the destination was modified back to the institution where Mr. Mustard has a high amount of influence. I was not notified of the modification until the day of my transfer.

Since returning to C.C.I. , I have experienced a constant, continuation of open hostility. Multiple staff members have attempted to prevent me from  several opportunities, like any programs and privileged housing unfairly. All other "cadre" inmates who returned were immediately places into privileged housing.

I've experienced an unfair transfer under false pretenses, an assault by a senior staff member for complaining and seeking to to be returned to a level (2) facility. Retaliation for use of the grievance procedure by R.C. staff, C.C.I. staff and Donna Skagg from the Bureau If Classification, and the deliberate indifference to the threats posed to my safety by specifically, Unit Management Chief Mustard, and any and all of his personal associates, and R.C.I. and C.C.I. staff in general.

This hostility and indifference posed a serious threat to my safety. Multiple staff members at C.C.I. have attempted to prevent me from any opportunities like privileged housing, and programs such as the dog program unfairly. Donna Skagg, of the Bureau Of Classification told us all that we would be eligible for privileged housing upon return and then denied her consent when the time came.

I have also been subject to at least one false conduct report and spent time in C.C.I. solitary confinement as a result of the false allegations. This situation will only escalate if not addressed immediately.

## RELIEF

To consider the suit of each person in his or her official and individual capacity.

1) **DECLARATIONB** : That the supposed cadre program advertised did not exist, and was a play designed to open beds at a level 2, in order to diminish the appearance of over crowding. That the training of the staff at D.R.C. Inst's, is not sufficient enough for said staff to properly communicate with inmates in a manner consistent with the D.R.C. aims at maintaining the security of the persons, the rehabilitation of the offender and the reduction of recividism.

2) Preliminary in junction for an order of the judge prohibiting any further acts of retaliation committed by any D.R.C. staff and particularly any close person and associates and or staff member , previosly and current coworkers with U.M.C. Mustard, or that the plaintiff be moved closer to his commiting county.

3) Compensation damages in the amount of 150,000 jointly and severally.

4) Punitive damages in the amount of 50,000

5) A jury trail on all issues triable by jury, and for each defendant to be sued in both individual official capacity.

6) Plaintiff's costs.

7) Any additional relief deemed just, proper and equitable.

8) A permanent injuction for mandatory training for all D.R.C. staff in accordance with guideline set forth for productive and compassionate communication with inmates who are at risk of committing violence, reoffending and or victimization by others, for the policy for retaliation to include a wider catagory of acts considered to be retaliatory and for a clear outline of the penalties due for violation of the guidelines.

SIGNED THIS $\underline{12th}$ , DAY OF $\underline{Sept.}$  2016

Shaguich R. Woodhouse

SIGNATURE OF PLAINTIFF