UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHAQUALE R. WOODHOUSE,**

    **Plaintiff,**

                                                            **Civil Action 2:16-cv-887**
    **v.**                                                **Judge George C. Smith**
                                                            **Magistrate Judge Elizabeth P. Deavers**

**OHIO DEP'T OF REHABILITATION**
**& CORRECTIONS,** *et al.***,**

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Shaquale R. Woodhouse ("Plaintiff"), a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against a number of Defendants, alleging violations of his Eighth and Fourteenth Amendment rights related to conditions of his confinement. This matter is before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1; "Complaint" or "Compl.") under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons set forth below, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against each Defendant.

**I.**

Plaintiff is an inmate at Chillicothe Correctional Institution ("CCI"), a prison in Ross County, Ohio. Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights related to his previous confinement at Ross Correctional Institution ("RCI"), a prison in the same County. (Compl.) Specifically, Plaintiff asserts claims against the following Defendants, in their individual and official capacities: Ohio Department of Rehabilitation & Corrections ("ODRC"), D.W.O. Howard ("Howard"), Inspector Diehl ("Diehl"), U.M.C. Mustard ("Mustard"), the RCI Warden, and Donna Skagg ("Skagg") of the Bureau of Classification. (*Id.*)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

---

[2] Formerly 28 U.S.C. § 1915(d).

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for

3

the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.

It is unclear from the face of the Complaint what framework of the Eighth Amendment that Plaintiff alleges govern his claims.  As a result, the Court will analyze whether Plaintiff has plausibly stated a claim for either cruel and unusual punishment, or deliberate indifference.

**A. Cruel and Unusual Punishment**

The Eighth Amendment, through the Due Process Clause of the Fourteenth Amendment, prohibits state officials from inflicting "cruel and unusual punishments" on prison inmates.  U.S. Const. amends. VIII and XIV; *Wilson v. Seiter*, 501 U.S. 294, 296 (1991).  State officials are prohibited from enacting punishments that "involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (internal citations and quotations omitted).  If the inmate's claim relates to the conditions of confinement, as opposed to a claim for the use of excessive force, "the Eighth Amendment only addresses 'deprivations of essential food, medical care or sanitation' or 'other conditions intolerable for prison confinement.'" *Coleman v. Governor of Mich.*, 413 F. App'x 866, 875 (6th Cir. 2011) (citing *Rhodes*, 452 U.S. at 348); *see also Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (holding that a conditions of confinement claim requires a substantial risk of serious harm such as the deprivation of food, clothing, shelter, medical care, and reasonable safety).

Applied here, Plaintiff fails to state an adequate claim for cruel and unusual punishment. Instead, he asserts that Defendant Mustard "violated the Plaintiff's Eighth and Fourteenth Amendment rights under the United States Constitution by retaliating against the Plaintiff by verbally assaulting & threatening the Plaintiff… ." (Compl. ¶ 3.) Plaintiff's allegations are specious and conclusory and do not constitute punishment that violates constitutional rights. *See Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (failure to set forth the circumstances, occurrences, and events upon which allegations were based fatal to prisoner's claim that verbal harassment was punishment in violation of constitutional rights). As a result, it is **RECOMMENDED** that Plaintiff's claims against Defendant Mustard be dismissed for failure to state a claim.

Plaintiff further asserts that Defendant Skaggs violated his constitutional rights by "intentionally changing the transfer destination of the Plaintiff without notification, in violation of ODRC policy." (Compl. ¶ 7.) Even accepting Plaintiff's factual allegations as true, "[p]risoners do not have a constitutional right to be incarcerated in any particular institution." *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995). Prison officials may transfer a prisoner for a variety of reasons, including relief from internal grievance filings, the prisoner's past and anticipated future behavior and others—none of which implicate a constitutional violation. *Id*. Here, Plaintiff fails to satisfy pleading requirements in alleging his transfer violated a constitutional right. Therefore, it is **RECOMMENDED** that Plaintiff's claims against Defendant Skaggs be dismissed for failure to state a claim.

**B. Deliberate Indifference**

It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id*. Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011). The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id*. However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id*.

*Alspaugh*, 643 F.3d at 169.

Applied here, Plaintiff fails to allege that Defendants' conduct constitutes deliberate indifference. Instead, Plaintiff asserts that Defendants ODRC, Howard, Diehl, and RCI Warden displayed deliberate indifference in violation of his rights by "failing to supervise/train staff and

protect Plaintiff once informed of threats/retaliation against Plaintiff through the ODRC grievance procedure." (Compl. ¶¶ 1, 4-6.) Plaintiff fails to sufficiently plead both the objective and the subjective components of an Eighth Amendment deliberate indifference claim. Therefore, it is **RECOMMENDED** that Plaintiff's claims against Defendants ODRC, Howard, Diehl, and RCI Warden be dismissed for failure to state a claim.

### IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2). The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

### PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: October 18, 2016              /s/ *Elizabeth A. Preston Deavers*
                                    ELIZABETH A. PRESTON DEAVERS
                                    UNITED STATES MAGISTRATE JUDGE